While it is true that this Court in Travelers Insurance Co.v. Jones, 529 So.2d 234 (Ala. 1988), allowed the plaintiffs to stack coverages that were contained in one policy, the Court expressly limited Travelers to its facts and did not address the question of stacking under separate policies. That question is now before the Court, and I respectfully dissent from the majority's holding.
Regardless of the number of policies, I believe the legislature intended that stacking be limited to like coverages provided by the same insurer. To hold that like coverages between the same parties are not "one contract of insurance" under the statute would violate the "spirit and the intention of the law." Hawkins v. City of Birmingham, 239 Ala. 185,194 So. 533 (1940).
I would, therefore, restrict the stacking of policies in this case to three policies, pursuant to Ala. Code 1975, §32-7-23(c). *Page 1075